UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
JUL 21 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

WILLIAM HENRY GARNER, )
    Petitioner, )
)
)
v. )    Civil Action No. 1:08-cv-1076
)
)
JOHN CAULFIELD, Warden, )
et al., Respondents. )
)
_____ )

MOTION TO AMENDED AND SUPPLEMENTAL PLEADINGS
PURSUANT TO **FED.R.CIV.PROC. 15(c)(1)(B) &(C)**

    Petitioner, respectfully request the court to amend and supplement his petition. On June 03, 2008, I filed a petition for a writ of habeas corpus in this court. At the time, I was confined at the District of Columbia Correctional Treatment Facility. I named my immediate custodian, Warden John Caulfield, as the respondent, along with the United States Parole Commission. However, shortly (2 days) after filing my original petition, I was transferred to the Rivers Correctional Institution in Winton N.C., which is under contract for the Bureau of Prisons. Therefore, I request that the court "substitute the Warden at D.C. Correctional Treatment Facility John Caufield for the Warden, at the Rivers Correctional Institution, George Snyder as my immediate custodian.

## Rule 15(c)(1)(B)

### II. GROUNDS

Petitioner alleges, that the U.S. Parole Commission was without statutory and regulatory jurisdition to revoke my mandatory release after the expiration of my full-term sentencing date.

### FACTS

On March 26, 2003, I was granted mandatory parole as a result of the District of Columbia Good Time Credits Act of April 11, 1987, with 1836 days remaining under parole supervision until April 04, 2008. However, with 14 days remaining until my full term expiration date of April 04, 2008, the U.S. Parole Commission on March 21, 2008, issued a warrant alleging that I violated conditions of parole (administrative technical). The warrant was executed ten days later on March 31, 2008, with my arrest. On April 04, 2008, rather than expirate on my full-term date, I was given a preliminary interview by the U.S, Parole Commission. The Hearing Examiner did not have enough information in my parole file in order to make a recommendation to the U.S. Parole Commission. The hearing examiner informed me and my attorney that once she reviewed the information at the U.S. Parole Commission's office, she would get back to me and my attorney. My attorney felt that because of only technical violations and my guideline rande was low, convinced me to accept a Advanced Consent To Expedited Revocation, and I agreed based on her legal expertise. I

(2)

or my attorney never received any reply from the hearing examiner regarding the information she reviewed in my central parole file at the U.S. Parole Commission's office. The U.S. Parole Commission did not approve of the Advanced Consent To expedited Revocation or make a final disposition to revoke my parole until April 28, 2008. I am claiming that if my calculation is right, that the 10 days between issuance and execution of the parole warrant should have been added to my original full-term expiration date of April 04, 2008, with a new full-term date of April 14, 2008. However, the U.S. Parole Commission went beyond April 14, 2008, and revoked my mandatory release on Aril 28, 2008. Which now extends its supervisory jurisdiction until April 09, 2013.

Allegations of pro se complaint are held to a less stringent standards than formal pleadings drafted by lawyers. 92 S.Ct. 594 (1972).

Signed this _18_ day of _July_, 20_08_

_William H. Ga_____
Signature of Petitioner

I declare under penalty of perjury that the foregoing is true and correct.

_7-18-08_           _William H. Ga_____
Date                Signature of Petitioner

- 3 -

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a copy of the Petitioner's Motion to Admended and Supplemental Pleadings pursuant to Fed.R.Civ.Proc. 15(c)(1)(B) &(C) to the respondent through the U.S. Attorey Office 555 4th st., N.W. Washington, D.C. by placing it in the institution mailbox, on this 18 day of July, 2008.


7-18-08                                                William H. Ga_____
Date                                                   Signature of Petitioner.