UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WILLIAM HENRY GARNER,

   Petitioner,

   v.                                                           Civil Action No.  08-1076  (EGS)

JOHN CAULFIELD,

   Respondent.

MEMORANDUM OPINION

Now before the Court is petitioner's petition for a writ of habeas corpus.  The Court has considered the petition and the federal respondents' opposition, and concludes that the petition must be denied.

I.  BACKGROUND

In January 1993 in the Superior Court of the District of Columbia, petitioner was sentenced to an aggregate term of 12 years and 140 days' imprisonment on his conviction of second degree burglary and receiving stolen property.  *See* Federal Respondents' Opposition to Petitioner's Petition for a Writ of Habeas Corpus ("Resp't Opp'n"), Ex. A (Sentence Monitoring Computation Data as of 07-14-2008) at 1.  At the time petitioner committed these offenses in September 1991, he was on parole from a prior sentence imposed by the Superior Court in 1979.  *Id.*, Ex. B (D.C. Prehearing Assessment) at 1-2.  Petitioner reached his mandatory release date on

March 26, 2003, and he was to remain under parole supervision until his sentence expired on April 4, 2008.[1]  *Id.*, Ex. A at 5.

It was determined that petitioner violated two special conditions of his parole release: that he abstain from alcohol and that he undergo drug treatment.  *See* Resp't Opp'n, Ex. C (February 27, 2007 memorandum recommending a Reprimand Sanctions Hearing) at 2.  Petitioner tested positive for alcohol on nine occasions between October 2006 and February 2007, and had been discharged from two substance abuse treatment programs.  *Id.*  After lesser sanctions proved unsuccessful, *see id.* at 2-3, the Court Supervision and Offender Services Agency ("CSOSA") placed petitioner in the Halfway Back program from which he was terminated in December 2007 due to his failure to abstain from alcohol use.[2]  *Id.*, Ex. E (December 19, 2007 Alleged Violation(s) Report) at 2 & Attach. (December 13, 2007 Discharge Summary from the Mickey Leland House Intensive Transitional Program).  In addition, petitioner tested positive for opiates and for alcohol on several occasions between August 2007 and December 2007.  *Id.*, Ex. E at 2.

The United States Parole Commission issued a warrant on March 19, 2008 charging petitioner with four parole violations: violation of special condition (drug aftercare/alcohol abstinence), use of dangerous and habit forming drugs, violation of special condition (drug aftercare), and failure to submit to drug testing.  Resp't Opp'n, Ex. F (Warrant Application) at 1-2.  The warrant was executed on March 31, 2008.  *Id.* (Warrant) at 2.  On April 4, 2008,

---

[1]    Petitioner's mandatory release does not relieve him of any obligation imposed on a parolee.  All rules relating to a parolee "shall be deemed to include individuals on mandatory release."  28 C.F.R. § 2.87(b).

[2]    CSOSA "shall provide supervision, through qualified Supervision Officers, for all D.C. Code parolees and mandatory releasees under the jurisdiction of the [Parole] Commission who are released to the District of Columbia."  28 C.F.R. § 2.91(a); *see* D.C. Code § 24-133(c).

petitioner agreed to accept the Parole Commission's expedited decision, *id.*, Ex. G (Advanced Consent to Expedited Revocation Decision), and, accordingly, the Parole Commission revoked parole and set November 28, 2008 as petitioner's parole effective date. *Id.*, Ex. H (May 5, 2008 Notice of Action).

## II.  DISCUSSION

Petitioner brings this action to challenge his current detention.  He alleges that he was entitled to credit towards service of his sentence for the time he spent in the Halfway Back Program, from November 26, 2007 through December 13, 2007, such that his parole supervision would have expired on March 17, 2008, prior to the issuance of the Parole Commission's warrant on March 19, 2008.  Pet. at 5.  In the alternative, petitioner argues that the ten days between the issuance and execution of the parole violator warrant "should have been added to [his] original full-term expiration date of April 4, 2008, with a new full-term date of April 14, 2008."  Supp. Pet. at 3.[3]  Under this scenario, petitioner's sentence would have expired before the Parole Commission's "final disposition to revoke [his] parole [on] April 28, 2008."  *Id.*; *see* Traverse to Respondents['] Motion to Dismiss Writ of Habeas Corpus at 1-2.

Respondents argue that petitioner's placement in the Halfway Back Program is a residential program akin to placement in a halfway house.  *See* Resp't Opp'n at 5.  "The time a prisoner was on parole shall not be taken into account to diminish the time for which he was sentenced," D.C. Code § 24-406(a), and respondents argue that that time includes petitioner's placement in the Halfway Back Program.  Resp't Opp'n at 5.  The Court concurs.

---

[3]  The Court grants petitioner's unopposed "Motion to Amended [sic] and Supplemental Pleadings Pursuant to Fed. R. Civ. Proc. 15(c)(1)(B) & (C)," and construes the document as a supplement to his petition ("Supp. Pet.").

In *Reno v. Koray*, 515 U.S. 50, 64 (1995), the Supreme Court held that a federal prisoner is not entitled to credit against his sentence under 18 U.S.C. § 3585(b) for time he spent at a community treatment center while "released" on bail after entry of a guilty plea and prior to reporting to a federal prison camp to serve his sentence.[4]  Time spent at a community treatment center "was not 'official detention' within the meaning of 18 U.S.C. § 3585(b)." *Id.*  Likewise, petitioner's stay at the Mickey Leland House Intensive Transitional Program as a condition of parole was not credited toward service of his sentence.  *See Tanner v. Sivley*, 76 F.3d 302, 304 (9th Cir. 1996) (denying credit toward service of sentence where petitioner was placed in community treatment center as condition of probation, not under Bureau of Prisons' control, such that "his stay there cannot constitute 'official detention' after *Koray*").

Further, the Court concludes that the Parole Commission was authorized to issue and execute the violator warrant in March 2008, because it retains jurisdiction until "the date of expiration of the maximum term or terms for which he was sentenced, subject to the provisions of this subpart relating to warrant issuance, time in absconder status, and the forfeiture of credit for time on parole in the case of revocation." 28 C.F.R. § 2.92(a).  Revocation of parole "shall not affect the Commission's jurisdiction to grant and enforce any further periods of parole, up to the expiration of the offender's maximum term." 28 C.F.R. § 2.92(d).  The "issuance of a warrant . . . operates to bar the expiration of the parolee's sentence," effectively maintaining the Commission's "jurisdiction to retake the parolee either before or after the normal expiration date

---

[4]  A defendant is awarded "credit toward the service of a term of imprisonment for any time he has spent <u>in official detention prior to the date the sentence commences</u> . . . as a result of the offense for which the sentence was imposed . . . .that has not been credited against another sentence." 18 U.S.C. § 3585(b) (emphasis added).

of the sentence and to reach a final decision as to the revocation of parole and the forfeiture of time pursuant to D.C. Code 24-406(a)." 28 C.F.R. § 2.98(e).  In short, because the Parole Commission issued a valid parole violator warrant before April 4, 2008, the date on which petitioner would have reached his full-term expiration date, it was authorized to revoke petitioner's parole.

Accordingly, the Court denies the petition for a writ of habeas corpus.[5]  An Order consistent with this Memorandum Opinion is issued separately.


Signed:   EMMET G. SULLIVAN
          United States District Judge

Dated:    November 5, 2008

---

[5] Because petitioner does not show that his detention is unlawful, his demand for monetary damages, *see* Traverse in Opposition to Respondents Motion to Dismiss Writ of Habeas Corpus at 6, must be denied.  *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).